

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MKM:MKP/TH                                    *271 Cadman Plaza East*
F. #2017R01840                                *Brooklyn, New York 11201*

December 17, 2018

By ECF

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Keith Raniere, et al.
                  Criminal Docket No. 18-204 (NGG)

Dear Judge Garaufis:

        The government respectfully submits this letter in response to the Court's order of December 14, 2018, directing the government to address issues raised by the payment of attorney fees for certain witnesses from the defense trust (the "Trust"). At present, the government has identified the following potential concerns:

- Witnesses may be improperly advised to invoke the Fifth Amendment right against self-incrimination, see Hoffman v. United States, 341 U.S. 479, 486 (1951) (the Fifth Amendment privilege must be "confined to instances where the witness has reasonable cause to apprehend danger from a direct answer. [A] witness is not exonerated from answering merely because he declares that in doing so he would incriminate himself – his say-so does not of itself establish the hazard of incrimination."); and

- Witnesses may receive advice from a lawyer suffering from a conflict of interest, see In re Grand Jury Subpoena Served Upon John Doe, Esq., 781 F.2d 238, 248 n.6 (2d Cir. 1986) (en banc) ("benefactor payments" create doubts "as to whether the attorney's loyalties are with the client or the payor"); Model Rules of Professional Conduct Rule 1.8(f) ("A lawyer shall not accept compensation from representing a client from one other than the client unless [ ] the client gives informed consent; [and] there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship.").

As described in the government's Curcio letter, these concerns are not merely theoretical; at least one witness was told by an attorney who would have been paid by the Trust that he was being

paid by Clare Bronfman and that he would not be comfortable representing the witness unless she invoked the Fifth Amendment. (See Letter dated November 11, 2018 at 3, Dkt. No. 210.)

Although witnesses do not have a Sixth Amendment right to counsel,[1] the Court has the authority to review potential conflicts based on its "'independent interest' in ensuring compliance with professional ethical standards and the appearance of fairness." Davis v. Lempke, 642 F. App'x 31, 32 (2d Cir. 2016) (quoting Wheat v. United States, 486 U.S. 153, 160 (1988)); see also United States v. Oberoi, 331 F.3d 44, 52 (2d Cir. 2003) (holding a district court may disqualify an attorney "to avoid lurking potential conflicts and to preserve the public's confidence in the integrity of the judicial system") (citing Wheat, 486 U.S. at 162-63). This independent interest, which the Supreme Court described in Wheat v. United States in the Sixth Amendment context, has been found by several federal courts to allow the examination of potential attorney conflicts in other contexts. See, e.g., In re Grand Jury Proceedings, 859 F.2d 1021, 1024 (1st Cir. 1988); In re Grand Jury Process, Doe, 814 F.3d 906, 909 (8th Cir. 2015) (citing Wheat and affirming district court's decision to disqualify counsel during grand jury investigation); In re Gopman, 531 F.2d 262, 266 (5th Cir. 1976) (holding that district court could entertain disqualification motion based on fact that "lawyers are officers of the court and that the courts have the inherent authority to regulate their professional conduct"); see also In re Grand Jury Investigation, 447 F. Supp. 2d 453, 457 (E.D. Pa. 2006) (collecting cases).

The government respectfully submits that the Court may mitigate the potential risks raised here by conducting a limited voir dire of any proposed witness whose attorney is being paid through the Trust before that witness testifies at any proceeding or at trial.[2] During this questioning, the Court may inquire as to whether the witness understands that he or she is entitled to an attorney who owes a duty of loyalty only to the witness and that the witness can be appointed independent counsel by the Court if the witness cannot otherwise afford an attorney.

---

[1] The Court has already indicated that it will address the potential conflicts of interest with regard to the lawyers representing the charged defendants in Curcio hearings to be scheduled.

[2] To the extent these issues arise during the grand jury process in the context of the government's ongoing investigation, the government will raise such issues, as it deems necessary, through the appropriate procedures, such as a motion to compel compliance with a subpoena. If any such conduct rises to the level of obstruction of justice, it will be investigated by the government as a criminal matter. See United States v. Cioffi, 493 F.2d 1111, 1119 (2d Cir. 1974) ("while a witness violates no law by claiming the Fifth Amendment privilege against self-incrimination in a grand jury, one who bribes, threatens, coerces a witness to claim it or advises with corrupt motive a witness to take it, can and does obstruct or influence the administration of justice").

The Court may also, in its discretion, appoint independent counsel to discuss with any such witness the potential issues raised by having his or her attorney paid for by a third party.[3]

                                        Respectfully submitted,

                                        RICHARD P. DONOGHUE
                                        United States Attorney

                By:            /s/
                                        Moira Kim Penza
                                        Tanya Hajjar
                                        Assistant U.S. Attorneys
                                        (718) 254-7000

cc:    Clerk of the Court (NGG) (by ECF)
        Defense Counsel (by ECF and email)

---

[3] Evidence of bias and improper influence also can be addressed through cross-examination at a hearing or trial.