UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
UNITED STATES OF AMERICA

          -against-

KEITH RANIERE, ALLISON MACK, CLARE
BRONFMAN, KATHY RUSSELL, LAUREN
SALZMAN, and NANCY SALZMAN,

                     Defendants.
-------------------------------------------------------------------------X

**ORDER**

**18-CR-204 (NGG) (VMS)**

NICHOLAS G. GARAUFIS, United States District Judge.

The court has received information, some of which was submitted <u>ex parte</u> and under seal, regarding the irrevocable trust (the "Trust") that is paying the legal fees of all Defendants (except for Clare Bronfman) and certain witnesses (collectively, the "Beneficiaries"). (<u>See</u> Gov't Nov. 30, 2018 Letter (Dkt. 210) at 2-3; Marc Agnifilo Dec. 11, 2018 <u>Ex Parte</u> Letter (Undocketed) (attaching a letter from counsel to the Trust's trustee); Marc Agnifilo Dec. 15, 2018 <u>Ex Parte</u> Submission (undocketed) (attaching Trust indenture); Defs. Dec. 19, 2018 <u>Ex Parte</u> Letter (Dkt. 251) at 1-2; Trustee's Counsel Dec. 19, 2018 Letter (undocketed) (providing the name(s) of the contributor(s) to the Trust).) The court is concerned about two scenarios that could arise if the Trust's corpus—<u>i.e.</u>, the sum of money set aside to pay the legal fees of the Beneficiaries—is exhausted before this litigation is complete. First, the Beneficiaries may lose the ability to retain their current counsel while this litigation is ongoing. Second, the Beneficiaries' defense strategies could influence the decisions by the contributor(s) to the Trust (the "Contributors") regarding whether to replenish the Trust's corpus, which may raise potential conflicts for Defendants' counsel that Defendants need to understand. Additionally, the choices of potential witnesses (who are also Beneficiaries) may also influence whether the Contributors decide to replenish the corpus.

For the court to properly conduct the anticipated hearings on this and related issues

pursuant to United States v. Curcio, 680 F.2d 881, 888-90 (2d Cir. 1982), the Trustee must

provide the following information:

- The remaining corpus of the Trust as of the date of the entry of this order.

- Whether, in the Trustee's view, the remaining corpus of the Trust is sufficient to cover all legal fees and expenses associated with the representation of the Beneficiaries for the duration of this litigation.

- Additional details regarding the fee arrangement set forth in the Trustee's counsel's May 18, 2018 letter to Marc Agnifilo, which Agnifilo submitted to the court ex parte and under seal on December 11, 2018. (See Marc Agnifilo Dec. 11, 2018 Ex Parte Letter, Ex. 1-A, at p.2 ("Procedures for Payment" section).)[1]

- The amount of money that each Contributor has contributed to the Trust as of the date of the entry of this order. (See Trustee's Counsel Dec. 19, 2018 Letter at 1 (listing the name(s) of the Contributor(s) to the Trust).)

- The nature and extent of the relationships, if any, between each Contributor(s) and the Beneficiaries.

Defendants are DIRECTED to submit this information ex parte and under seal, in the

form of a sworn declaration from the Trustee or the Trustee's counsel, by no later than

January 14, 2019. If Defendants are unable to do so, they are to provide an explanation; the

court will then take such further steps as are necessary to acquire the information it requires.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York      NICHOLAS G. GARAUFIS
       January 9, 2019          United States District Judge

---

[1] Fee information is not subject to the attorney-client privilege "absent special circumstances." In re Shargel, 742 F.2d 61, 62 (2d Cir. 1984). If Defendants believe that any such circumstances exist here, they should provide an explanation to the court.