# KOBRE & KIM LLP

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM

TEL +1 212 488 1200

NEW YORK
HONG KONG
LONDON
SEOUL
SHANGHAI
TEL AVIV
MIAMI
SAN FRANCISCO
WASHINGTON DC
BVI
CAYMAN ISLANDS

February 1, 2019

**BY ECF**

Honorable Nicholas G. Garaufis
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

>   **Re:**   *United States v. Keith Raniere, et. al*
>       **S1 18 Cr. 204 (NGG)**

Dear Judge Garaufis:

We respectfully submit this letter on behalf of all defendants, with the exception of Ms. Bronfman, to provide the Court with our proposed amendments to the *Curcio* questionnaire submitted by the government on December 11, 2019 (*see* ECF No. 237).

We respectfully request that the Court include the following admonitions and questions at the outset of its *Curcio* inquiry for the benefit of the defendants and the public:

- Let me take a moment at the outset to explain what we're doing here and why. The government has suggested that your attorneys, [defense counsel], either have been or are being paid for their services in this case by someone other than you. This fact, commonly referred to as a third-party payor, can in certain circumstances create an actual or a potential conflict of interest between [defense counsel] and you in that [defense counsel] might give partial or, even as a theoretical matter, anyway, entire loyalty to whoever is paying them as distinguished from their client.

- Now, [defendant], you should listen particularly closely to what I'm about to say. The defendant in any criminal case has a right under our Constitution to be represented by a

    lawyer whose only loyalty is to the defendant, a lawyer who is not subject to any force, influence, or consideration that might interfere with undivided loyalty to the defendant. This concern with the undivided loyalty of the lawyer to client in a criminal case is not a concern that is only the client's. The courts have an independent interest in regulating the conduct of lawyers and in ensuring the integrity of proceedings before them.

- Now, the fact that we're starting down this path today should not be misconstrued by anyone as suggesting any misconduct by any defense attorney. It is not at all uncommon in criminal cases in our country that friends, relatives, and sometimes other people, pay for or contribute to paying for the cost of lawyers for criminal defendants. It is simply that for reasons I have explained, the Court has an obligation to know what is going on and it has an obligation to know that the defendant knows what is going on, and to assess whether the representation can or should go forward if somebody else is actually involved in financing the defense. This Court, having been apprised of the possibility of a conflict between you and [defense counsel], is obliged to investigate the facts and circumstances to see whether there really is a conflict, and if there is, whether it's real and immediate, simply potential, whether it's subject to being waived, whether the defendant wishes to waive it, and so on.

- [Defendant], if at any time during my questioning, if you want to speak with your attorneys, tell me and you will be given that opportunity. Do you understand?

- [Defendant], is your mind clear this morning?

- Have you discussed with your attorneys the potential conflicts of interest that arise when a third-party pays a defendant's legal fees?

- Without telling me what was said, have they explained to you the risks specific to your fee arrangement in this case, and the potential effects (if any) it could have on their representation of you?

In addition, defendants respectfully submit that the Court should strike several of the government's proposed inquiries in light of the current status of the proceedings. Specifically, defendants submit that the following proposed questions should be stricken from the inquiry:

- Question #4: Are you paying your attorneys' fees or is someone else paying for them to represent you? Who specifically is paying them? How long has that been the case?
    - Defendants respectfully submit that this question is unnecessary. Multiple filings, including the instant filing, have made clear that there is a third-party payor (*i.e.*, the Trust), and who it is that has provided the funds to the Trust. That information is sufficient for the Court to conduct a *Curcio* inquiry to ensure that each defendant

The Hon. Nicholas G. Garaufis
February 1, 2019
Page 3

- understands the nature of the potential conflict, and there is no need for this information to be stated in open court or disclosed to the government.

- Question #9: Have any of your attorneys informed you that they have been compensated for their representation of you, directly or indirectly, by a co-defendant in this case?
    - Defendants respectfully submit that this question should be stricken in its entirety. All of defense counsel's fees are paid by the Trust, not by Ms. Bronfman.
    - To the extent the Court believes it is relevant—and we submit that it is not—defendants have no objection to the following question: "Do you understand that one of the contributors to the Trust is a co-defendant in this case?"

- Question #10: Do you understand that in some circumstances your attorneys might have an incentive to put the interests of Clare Bronfman before yours?
    - Defendants submit that this question should be stricken in its entirety. Given the structure and irrevocable nature of the Trust, there is no basis to assume that the defense attorneys in this case have any incentive to put the interests of Clare Bronfman before those of their respective clients. This is particularly true where, as here, the Trust will not be replenished and will cease to exist upon exhaustion of its funds, eliminating any arguable incentive arising from the possibility of future payments from Ms. Bronfman.
    - While they do not believe it is necessary due to the structure of the fee arrangements and of the Trust itself, given that there remain some funds in the Trust that have not yet been disbursed, defendants do not object to the following question: "Do you understand that in some circumstances your attorneys might have an incentive to put the interests of the Trust before yours?"

- For these same reasons, to the extent the Court believes it is necessary to ask the questions set forth in Question #11 of the government's proposed inquiry, the Court should substitute "the Trust" in place of "Ms. Bronfman."

- Question #15: "What is your understanding of the right to 'effective assistance of counsel'?"
    - Defendants respectfully submit that the Court should strike this question in its entirety, particularly if the Court is willing to provide the substance of the proposed admonitions above, which clearly outline a defendant's right to conflict-free counsel.
    - Moreover, this question is inappropriate as the purpose of a *Curcio* inquiry is to ensure that each defendant understands: (i) his/her constitutional right to conflict-free counsel; (ii) the nature and potential implications of the potential conflict; and (iii) his/her knowing and voluntary waiver of the right to conflict-free counsel. The concept of "effective assistance of counsel" is a legal conclusion that has no relevance to the instant inquiry.

The Hon. Nicholas G. Garaufis
February 1, 2019
Page 4

- Question #19: Given that having your co-defendant Clare Bronfman pay your legal fees may adversely affect your defense, do you still believe that it is in your best interest to proceed with your attorneys?
    - Defendants respectfully submit that this question should be stricken in its entirety. It is an inaccurate statement of the nature of the potential conflict and the *Curcio* standard.
    - To the extent the Court determines some inquiry of this nature is appropriate, we respectfully submit that the proper inquiry is: "Having heard your right to conflict-free counsel and your understanding of the potential conflict posed by the Trust's payment of your legal fees, do you still wish to proceed with your current counsel?"

- Question #23: Do you agree to waive any post-conviction argument, on appeal or otherwise, that by virtue of having a third party—and, indeed, your co-defendant—pay your legal fees, you were denied effective assistance of counsel?
    - Defendants respectfully submit that the portion between the em dashes (*i.e.*, "and, indeed, your co-defendant") should be stricken.
    - The question also presupposes that defendants will be convicted.
    - In place of Question #23, we respectfully submit the Court should ask the following: "If I permit you to proceed with [defense counsel] and you are convicted at trial, do you agree that you will not make and cannot make any argument on appeal or otherwise in attacking any conviction based on the fact that [defense counsel] represented you given the theoretical and potential conflict of interest that we have discussed?"

We greatly appreciate the Court's consideration of these issues.

Respectfully submitted,

/s/ _____

William F. McGovern
Sean S. Buckley
+1 212 488 1210 / 1253

cc:     Counsel of Record (by ECF)