UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

UNITED STATES OF AMERICA,　　　　　　　　　TO BE FILED UNDER SEAL[1]

-against-　　　　　　　　　　　　　　　　　　　　　　ORDER

KEITH RANIERE, also known as Vanguard,　　　　18 Crim. 204 (NGG) (VMS)
CLARE BRONFMAN, ALLISON MACK,
KATHY RUSSELL, LAUREN SALZMAN,
and NANCY SALZMAN, also known as Perfect,

　　　　　　　　　Defendants.
------------------------------------------------------------ x

**VERA M. SCANLON, United States Magistrate Judge:**

**I.　　Preliminary Statement**

　　　This Order addresses one of the six categories of email communications and attachments that Defendant Bronfman asserts are privileged and, as such, should not be turned over to the Government's prosecution team, other Defendants and their counsel, or the public. See Defendant Bronfman's Privilege Motion ("Def. Mot."), ECF No. 363. The documents at issue are the "Work-product documents," which include the following two subcategories identified by Defendant Bronfman: (1) "Pam Nichols Representation" and (2) "Diego Duran Representation." Id. at 6-7. This Order presumes familiarity with the record in this case, and it only discusses those aspects of the case relevant to the present motion. The applicable legal principles set forth

---

[1] This Order will initially be filed under seal. By 4/10/2019, counsel are to submit a joint proposal as to those portions that they believe should be redacted and remain sealed with copies only to the Court, the privilege review team and Defendant Bronfman's counsel. Counsel should also propose a redacted copy that may be made available to Nxivm's counsel. The Court will consider the proposed redactions and file the Order publicly with appropriate redactions if necessary.

in the Court's Orders addressing the other five categories of disputed communications, see ECF Nos. 502 & 505, are incorporated herein.

## II. Discussion

### A. Category One ("Pam Nichols Representation")

At issue in this category of materials are Index Nos. 161-171. See Def. Mot. 6-7; Gov't Opp. 12-13, ECF No. 448-1. Index Nos. 163-171 include: (1) emails from Kristin Keefe to Defendant Bronfman ████████████████████████████████████████████████ in anticipation of possible litigation;"[2] and (2) emails from Defendant Bronfman forwarding the foregoing emails and attachments to attorney Pamela Nichols.[3] Def. Mot. 6. Attorney Nichols "has a long history of representing both NXIVM and Bronfman in a variety of litigation matters," and here, "was acting as counsel for NXIVM in connection with ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████" Id.; see Declaration of Pamela A. Nichols ("Nichols Decl.") ¶ 5, ECF No. 366 (████████████████████████████████████████████████████████████).

The emails at Index Nos. 161-162 are sent from ████████ to Attorney Nichols, Defendant Bronfman and Ms. Keeffe. According to Defendant Bronfman, these emails "reflect attorney-client communications and work product of a ████████████

---

[2] Index Nos. 163-164, 167-168.

[3] Index Nos. 165-166, 169-171.

who was hired by [Attorney] Nichols." Def. Mot. 6. In the declaration of Attorney Nichols, submitted with Defendant Bronfman's motion, Attorney Nichols states:

> As part of my work on the Foley case,  work was designed to be, and was covered by the attorney-client privilege and attorney work product doctrine.

Nichols Decl. ¶ 5, ECF No. 366.

Having reviewed the subject records and the declaration of Attorney Nichols, the Court finds that the records can "fairly be said to have been prepared or obtained because of the prospect of litigation." See United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998). The Government argues that "[i]f, in fact, the documents . . . were gathered for and provided to law enforcement, then any applicable privilege would be waived." Gov't Opp. 13. Although voluntary disclosure of work-product material to law enforcement may result in waiver, see U.S. Info. Sys., Inc. v. Int'l Bhd. Of Elec. Workers Local Union No. 3, No. 00 Civ. 4763 (RMB) (JCF), 2002 WL 31296430, at *4-5 (S.D.N.Y. Oct. 11, 2002), the Government's speculative argument is insufficient to override the claim of work-product protection here.

███████████████████. The Government's argument that "no legal advice is requested or conveyed" in the subject emails is also unavailing, as work product can consist of factual material, including the results of factual investigation. See Upjohn Co. v. United States, 449 U.S. 383, 400, 101 S. Ct. 677 (1981). The fact that documents are prepared by the client and not counsel do not strip them of their privilege. See Gucci Am., Inc. v. Guess?, Inc., 271 F.R.D. 58, 74 (S.D.N.Y. 2013).

In light of the foregoing, the Court finds that the documents at Index Nos. 161-171 are protected work product and shall not be released any further.

B.     **Category Two ("Diego Duran Representation")**

At issue in this category of materials are Index Nos. 172 to 182, which include communications between Defendant Bronfman and attorney Diego Ruiz Duran. See Def. Mot. 7; Gov't Opp. 13-14. Defendant Bronfman explains that Attorney Duran "is an attorney based in Mexico who represented NXIVM on a number of matters ███████████████████

███████████████████████████████████████████

██████  Def. Mot. at 7. The document at Index No. 172 is a spreadsheet that Defendant Bronfman argues is "client work-product for the purpose of obtaining legal advice ███████

███████████████████████████████████████████

██████  Def. Mot. at 7. According to Defendant Bronfman, the documents at Index Nos. 173 and 174 constitute work product she sent, as an executive board member of Nxivm, to Attorney Duran ███████████████████████████. Defendant Bronfman argues that the inclusion of Alejandro Betancourt on the email does not break the privilege as he was at the time a fellow executive board member of Nxivm. Defendant Bronfman explains that the work product she shared with Attorney Duran ███████████████████████████████████

4

████████████████████████████████████████████████████

████████████████████████████████████████████. The work prepared by ██████ that was shared with Attorney Duran is in Index Nos. 175-182. With respect to the spreadsheet at Index No. 172, the Government argues that ██████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████ Gov't Opp. 13. With respect to the remainder of the documents, the Government states that according to non-privileged emails in the Government's possession, ████████████████████████

████████ Id. According to the Government, fact work product prepared by non-attorneys is not protected under federal common law if it is not prepared at the direction or request of counsel because of litigation, and there is no indication tha ████████ prepared the summaries at the direction of anyone other than Defendant Bronfman. Id. at 13-14. In addition, the Government argues that "considering ██████ status as a non-employee, any applicable privilege is waived." Id. at 14.

"[I]n contrast to the attorney-client privilege, the attorney work product doctrine 'does not require that the documents be prepared at the behest of counsel, only that they be prepared because of the prospect of litigation.'" Geller v. N. Shore L Geller v. N. Shore Long Island Jewish Health Sys., No. 10 Civ. 170 (ADS) (ETB), 2011 WL 5507572, at *3 (E.D.N.Y. Nov. 9, 2011) (quoting Gucci, 271 F.R.D. at 74).[4] The work-product doctrine protects from disclosure

---

[4] The Court applies the American privilege rules to these documents as counsel has not argued that an analysis under Mexican law is appropriate although the litigation at issue was anticipated to be brought in Mexico.

"documents prepared 'in anticipation of litigation or for trial by or for [a] party or by or for that . . . party's representative.'" Ruotolo v. City of New York, No. 03 Civ. 5045 (SHS) (DF), 2005 WL 823015, at *1 (S.D.N.Y. Apr. 7, 2005) (quoting Fed. R. Civ. P. 26(b)(3)).  Here, the documents at Index Nos. 173-182 appear to have been prepared "in anticipation of litigation . . . for a party," and thus fall within the work-product doctrine's ambit.  Accordingly, these documents shall not be released any further.

As to the spreadsheet at Index No. 172, based on the description in the cover email provided to the Court by Defendant Bronfman, it appears that this document was from an adversary in a prior bankruptcy action involving a company co-owned by Defendant Bronfman.  As such it is not a document created by or for Nxivm or Nxivm's representative, and is not protected by the work-product doctrine, and may be produced.

### III.  Conclusion

For the reasons set forth above, the documents at Index No. 161-171 and 173-182 are protected by the work-product doctrine and shall not be released any further.  The document at Index No. 172 is not protected work product and may be disclosed.

Dated:  April 8, 2019
        Brooklyn, New York

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge