BDM:KKO
F. #2017R01840



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

NANCY SALZMAN,

Defendant.

- - - - - - - - - - - - - - - - X

SECOND AMENDED CONSENT
PRELIMINARY ORDER
OF FORFEITURE

18-CR-204 (S-1) (NGG)

WHEREAS, on or about March 13, 2019, NANCY SALZMAN (the "defendant"), entered a plea of guilty to the offense charged in Count One of the above-captioned Superseding Indictment charging a violation of 18 U.S.C. § 1962(d);

WHEREAS, the defendant entered into negotiations with the United States and as a result of these negotiations, the defendant has agreed to forfeit all right, title, and interest in the following:

    (i)    The real property located at 8 Hale Drive, Halfmoon New York 12065, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings;

    (ii)    Fifteen thousand six hundred seventy dollars and zero cents ($15,670.00) in United States currency seized on or about March 27, 2018 from 3 Oregon Trail, Waterford, New York 12188;

    (iii)    Three hundred ninety thousand one hundred eighty dollars and zero cents ($390,180.00) in United States currency seized on or about March 27, 2018 from 3 Oregon Trail, Waterford, New York 12188;

    (iv)    One hundred nine thousand seven hundred twenty-seven dollars and zero cents ($109,727.00) in United States currency seized on or about March 27, 2018 from the 3 Oregon Trail, Waterford, New York 12188;

(v) The real property located at 7 Generals Way, Clifton Park, New York 12065, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, and all proceeds traceable thereto;

(vi) The real property located at 455 New Karner Road, Albany, NY 12205, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, and all proceeds traceable thereto;

(vii) The real property located at 457 New Karner Road, Albany, NY 12205, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, and all proceeds traceable thereto;

(viii) The real property located at 447 New Karner Road, Albany, NY 12205, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, and all proceeds traceable thereto;

(ix) First Principles Incorporated, a Delaware corporation associated with FEIN 14-1816403 and Delaware File No. 3002353, and all assets rights thereof, including but not limited to bank accounts and intellectual property rights;

(x) One Steinway grand piano located at 3 Oregon Trail, Clifton Park, New York ((i) through (x) collectively, the "Forfeited Assets")

as: (a) any interest the defendant acquired or maintained in violation of 18 U.S.C. § 1962; (b) any interest in, security of, claim against or property or contractual right of any kind affording a source of influence over any enterprise which the defendant has established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962; (c) any property constituting, or derived from, any proceeds which the defendant obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962; and/or (d) substitute assets, pursuant to 18 U.S.C. § 1963(m).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.  Pursuant to 18 U.S.C. §§ 1963(a) and 1963(m) the defendant shall forfeit to the United States all right, title and interest in the Forfeited Assets.

2.  Upon entry of this Second Amended Preliminary Order of Forfeiture ("Second Amended Preliminary Order"), the United States Attorney General or his designee is authorized to seize the Forfeited Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Second Amended Preliminary Order.

3.  The United States shall publish notice of this Second Amended Preliminary Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to dispose of Forfeited Assets in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

4.  Any person, other than the defendant, asserting a legal interest in the Forfeited Assets may, within thirty (30) days of the final publication of notice or receipt of notice, or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Forfeited Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Forfeited Assets must be signed by the petitioner

under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim, and relief sought.

5. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Assets in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Forfeited Assets to the United States. The defendant shall take whatever steps are necessary to ensure clear title to the Forfeited Assets passes to the United States, including the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Forfeited Assets to the United States. These documents include, but are not limited to, a transfer agreement with respect to the defendant's interest in First Principles Inc. Further, if any third party files a claim to the Forfeited Assets, the defendant will assist the government in defending such claims. If the Forfeited Assets, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Second Amended Preliminary Order against any other assets of the defendant up to the value of the Forfeited Assets, pursuant to 18 U.S.C. § 1963(m).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Second Amended Preliminary Order shall become final at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in the judgment of conviction. If no third party files a timely claim, this Second Amended Preliminary Order, together with Supplemental Second Amended Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the

properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

7. Upon the Court so-ordering this Second Amended Preliminary Order, the United States agrees not to seek any further forfeiture of property owned by the defendant or by any entity wholly owned by the defendant as a result of any crimes charged in the above-captioned Superseding Indictment or in the Second Superseding Indictment in *United States v. Bronfman, et al.*, 18-CR-204 (S-1 and S-2). To the extent that such property is partially owned by unrelated third parties, the United States may seek forfeiture of the unrelated third parties' interests in such property. Nothing in this order shall prevent the United States from pursuing any property to satisfy the defendant's restitution obligations or any criminal fine imposed by the Court.

8. The United States alone shall hold title to the Forfeited Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9. The forfeiture of the Forfeited Assets shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

10. This Second Amended Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

11. This Second Amended Preliminary Order shall be binding only upon the Court "so ordering" the order.

12. The Court shall retain jurisdiction over this action to enforce this Second Amended Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: FSA Senior Law Clerk Elizabeth Valeriane, 271-A Cadman Plaza East, 7th Floor, Brooklyn, New York, 11201.

Dated: Brooklyn, New York
_March 3_, 2020

SO ORDERED:

s/Nicholas G. Garaufis

HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK