| | | |
|---|---|---|
| Date: 06/16/2020 | | Facility: DC |
| Time: 04:24 PM | | |

Federal Bureau of Prisons
TRULINCS
Message
Sensitive But Unclassified

## Message

FROM: 57005177 RANIERE, KEITH ALAN
TO: "Suneel Chakravorty" <█████████>
SUBJECT: Affidavit points
DATE: 06/09/2020 03:03 PM

We the Prosecutors of United States vs. Raniere et al, specifically Richard Donoghue, Mark Lesko, Tanya Hajjar, Moira Kim Penza, in upholding our vow of office, and sacred duty to the people of the United States, do hereby affirm and personally initial all that are true with respect to this case (if any of these are denied, please initial, write, "denied" next to your initials and, optionally, attach an explanation):

1. We the Prosecutors did not knowingly make, or allow to be made, any false statements to the court.

   RD_____        ML_____        TH_____        MKP_____

2. We the Prosecutors have never tampered with evidence. All evidence presented had a well documented chain of custodywith no gaps. All evidence in our custody was secure and remained untouched until forensic analysis.

3. We the Prosecutors did not allow any of our witnesses to commit perjury about events and/or evidence known to, orpossessed by, us.

4. We the Prosecutors handled all potential witnesses properly. No witness was ever shown any discovery, or in any waychallenged to augment or change his or her opinions or beliefs by us.

5. We the Prosecutors never threatened any potential witness with indictment in an attempt to dissuade him or her fromparticipating in, or supporting, the defense.

6. We the Prosecutors properly investigated, and had no reason to suspect, collusion amongst our witness or any hiddenfinancial motives. We the Prosecutors did not block, or in any way object to, an investigation into such things by the defense.

7. We the Prosecutors have stated in open court we have victims who feared for their lives. We knew this was a valid fearbecause the claims were properly investigated. It was discovered, in each case, there were legitimate threats to the life of the witness.

8. We the Prosecutors did not know of, and had no reason to suspect, a potential civil law suite through Neil Glazer involvingtrial witnesses other than Mark Vicente.

9. We the Prosecutors have stated, and allowed to be stated, by sworn affidavit, to the court and elsewhere, Mr. Raniere left theU.S.A. only once to travel to Mexico and never returned until his arrest.

10. We the Prosecutors did not knowingly make any false or misleading statements to the public or media.

## Message

FROM: 57005177 RANIERE, KEITH ALAN
TO: "Suneel Chakravorty" <█████████>
SUBJECT: Affidavit points notes
DATE: 06/09/2020 03:03 PM

The prosecutors of the case United States vs. Raniere et al (Richard Donoghue, Mark Lesko, Tanya Hajjar, Moira Kim Penza) have each been served a copy of the following cover letter and ten points to initial. Every prosecutor in the United States of

| | |
|---|---|
| Date: 06/16/2020 | Facility: DC |
| Time: 04:24 PM | |

Federal Bureau of Prisons
TRULINCS
**Message**
Sensitive But Unclassified

America should be able to affirm each of these points with confidence. Any point not upheld is an unacceptable violation of due process. Each prosecutor has three options: 1. Affirm each point; 2. Deny points with or without an explanation; or 3. Ignore the communication which is an immoral refusal to be accountable to the people he or she serves.

We hope the press and media will provide the appropriate pressure to hold these prosecutors accountable and get answers to their behavior, not just for this case, but for all cases they pursue. It is time a different mechanism of public accountability be created beyond the grand jury. This public media pressure could aid in creating that mechanism and bring justice back to our court rooms.

United States vs. Raniere et al is a case of extreme prejudice and social repugnance, but it just happens to illustrate the ugliness hidden behind the false ascendancy of prosecutors and judges.

Notes to the ten points served upon the prosecution:

1. This is direct perjury by the prosecution (for an example of this see 9 below, and statements about the use of Mr. Raniere'scell phone.)

Evidence: Filed documents relating to flight risk, transcripts about visa and cell phone use.

2. The computer and camera evidence had a broken chain of custody. While in the custody of the prosecution, but beforeforensic analysis, the evidence was mysteriously accessed and altered.

Evidence: Suneel

3. The prosecution suborned perjury (See Appendix). This was also quite visible with the testimony of Mark Vicente inrelationship to an SOP training. In testimony elicited by the prosecution, Mr. Vicente stated Mr. Raniere discovered a certain SOP training was improper and just left forcing Mr. Vicente, amongst others, to deal with the fallout. The truth is very different than the testimony. Mr. Raniere stayed and directly addressed the group taking responsibility and offering an additional training. The questions are: Did Mr. Vicente not remember this? Did the prosecution know this? The answer resides in a video of the event, filmed by Mr. Vicente himself, and in the possession of the prosecution.

Evidence: Marc A. motion, SOP video

4. This is a corruption of truth, due process, and a violation of the Defendant's constitutional rights. This also causes irreparabledamage to the truth. The prosecutor's job is to investigate the situation, not create the situation, or manipulate it, so they can win at trial. The truth should win at trial, not a prosecutorial strategy or prosecutorial coercion, manipulation or "spin".

Evidence: Michelle, Samantha, Siobhan, India, Mark Elliot speech.

5. This violates the Defendant's constitutional rights. Here are the situations:

Evidence: India convo? Michelle? Nicki? Mark Elliot speech? Siobhan? Sam? Mark A. motion

6. This is prosecutorial obstruction of justice. It is not the prosecution's job to be as a normal attorney and object to anythingpotentially objectionable. If there is a valid pursuit of truth, even if it exonerates someone the prosecution believes is a criminal, it is the prosecution's duty to require, allow, uphold, and facilitate investigation to uncover any hidden financial motive or collusion amongst witnesses and informants. The prosecution should have suspected a class action suit, even collusion, when Neil Glazer, a civil class action attorney, was the witness attorney during 33 interviews with many, many, of the potential witnesses. As such, the prosecution needed to investigate, and allow the transparent investigation, for financial motive and collusion. By not allowing this investigation, the prosecution becomes party to the crime.

Evidence: Marc A. motion

| | | |
|---|---|---|
| Date: 06/16/2020 | | Facility: DC |
| Time: 04:24 PM | Federal Bureau of Prisons | |

TRULINCS
**Message**
Sensitive But Unclassified

7. The legitimate claim of fearing for one's life is a grave claim. As such, it was used in bail hearings to ensure Mr. Raniere would not be released, and to inspire the court to create a unique, high level of anonymity throughout the proceedings and trial. This claim helped turn a normal, white collar, non-violent, process into an exaggerated mystery of life and death situations. The use of such a claim, if not verified and legitimate, constitutes a strategic lie and perjury. In every case, the prosecution should have investigated each claim of life threat, and found it to be both legitimate and real. In this case, there were no threats, no violence, at most the "fear" of release of collateral. Note: Mr. Raniere and NXIVM lead a peace movement in Mexico and are committed to non-violence.

Evidence: Trial and bail hearing transcripts, no violence, no threats, peace movement

8. If they did know, it would be their duty to inform the defense team, court, and jury, given the testimony of their witnesses was otherwise. If they did suspect, it would be their duty to investigate it and inform the defense team, court, and jury. It goes beyond credibility, given the evidence, that the prosecution did not outright know, question, or suspect this.

Evidence: Marc A. motion

9. In order to not commit perjury the prosecution must have no knowledge, or reason to believe, Mr. Raniere traveled back to the United States. They had Mr. Raniere's visa records and did find two trips to Fiji before his trip to Mexico. The visa records reveal Mr. Raniere did travel back to the United states and should also reveal Mr. Raniere's application to enter Mexico only asked for a few weeks stay. He was granted six months.

Evidence: visa records (truth), Oxenberg's book

10. The prosecution subverted and ignored justice, the collateral effects of their actions, and the purpose of their office, to garner praise for themselves politically. The prosecution should never gloat, exaggerate, speak with dishonor, or in any way uphold winning over justice. They should have nothing to add or interpret over the proceedings and verdict. If anything it should be a somber statement that it is sad crime exists, and that the situation at hand came to a point where use of the criminal justice system was necessary. Here are a few examples directly from the EDNY press release:

Evidence: EDNY press release, Marc A. affirmation?

Summary: In this case, the prosecution committed perjury, suborned perjury, obstructed proper investigation of collusion, aided in this collusion amongst their key witnesses, and exalted, without investigation, unfounded malicious claims of fear of loss of life, thereby creating excessive bails, and unprecedented protections for the colluding witnesses. Potential witnesses for the defense were threatened, corrupted, and coerced along with the prosecution's tampering with vital evidence. After all of this, the prosecution made inaccurate and inflammatory statements to the press, to justify, cover, and praise their actions.

Prosecutors and Judges should no longer be able to hide and shelter corruption, political agenda, and prejudicial injustice.

Date: 06/16/2020     Facility: DC
Time: 04:24 PM

Federal Bureau of Prisons
TRULINCS
**Message**
Sensitive But Unclassified

**Message**

FROM: 57005177 RANIERE, KEITH ALAN
TO: "Suneel Chakravorty"
SUBJECT: Affidavit cover
DATE: 06/09/2020 03:02 PM

Please initial each statement to which you agree, and return to the above address by 4/XX/20. Copies of this have been sent to the major news outlets covering this case. Simply affirm, deny (with possible explanation) or ignore each statement. In our eyes, as a government employee sworn to serve us, it is a moral imperative that you do not ignore this. Ignoring this is a show of neglect of responsibility, accountability, and defiance of your ultimate employers, we the people.

Please be both responsible and accountable to the people you serve.

With hopes for a forward moving, justice building, relationship of mutual respect. Thank you.

| | | |
|---|---|---|
| Date: 06/16/2020 | | Facility: DC |
| Time: 04:24 PM | | |

Federal Bureau of Prisons
TRULINCS
**Message**
Sensitive But Unclassified

**Message**

FROM: 57005177 RANIERE, KEITH ALAN
TO: "Suneel Chakravorty" <
SUBJECT: Media Cover Letter
DATE: 06/09/2020 03:02 PM

This is a petition to inspire public accountability of prosecutors; in particular, the prosecutors of United States vs., Raniere et al. We will be serving upon the prosecution 10 simple points to be affirmed (see enclosed). Any prosecutor should be able to affirm these points, but in this case each simple point is untrue.

It is our hope to inspire a new addition to the justice system to augment the grand jury. Public scrutiny of prosecutors and judges will help to bring justice reform. Please sign below the petition which will be served with the 10 point affidavit to the prosecution. Also put the media source or company with whom you are affiliated. Once you have signed this petition we will give you additional information. We will also keep you apprised of events surrounding this effort. We hope you will also actively report on if the prosecutors answer our request and what they say. We believe, without media support, this vital request will just be ignored. Please support this by both signing the petition and voicing the importance of the prosecutor's responsiveness.

By signing this petition I affirm my belief the prosecution, in being accountable to the people, should affirm (or deny) these 10 points.

Note: not all people signing this petition are media representatives.