# HEARST

**Office of
General Counsel**

Eve Burton
**Executive Vice President
Chief Legal Officer**

Jonathan R. Donnellan
Mark C. Redman
**Vice President
Co-General Counsel**

Kenan J. Packman
Maureen Walsh Sheehan
Ravi V. Sitwala
Jack Spizz
**Associate General Counsel**

Carolene S. Eaddy
**Vice President
Corporate Human Resources**

Travis P. Davis
Monika Jedrzejowska
Suzanne Peters
Jennifer G. Tancredi
**Senior Counsel**

Catherine A. Bostron
**Corporate Secretary**

Sultan Barazi
Liddy Barrow*
Nathaniel S. Boyer
David Brioso
Michael A. Canencia
James Coil
Howard Davis
Ignacio Diaz*
Vincent Floyd*
Kerry A. Flynn
Matthew Greenfield
Vanya Hersh
Diego Ibargüen
Kate Mayer
Aimee Nisbet*
Sarah S. Park
Adam Plotkin
Christina Robinson
Andrea S. Ryken
Eva M. Saketkoo
Jennifer Schanes
Nina Shah
Alyssa Smilowitz
Federica Tigani*
Kitty Yang*
Stephen H. Yuhan
Jim Zeng
**Counsel**

* Not admitted or resident in New York

**Diego Ibargüen**
Counsel

September 10, 2021

**BY EXPRESS COURIER**

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Redactions to Sentencing Memorandum submitted by Nancy Salzman in *USA v. Raniere, et al.*, No. 1:18-cr-00204

Dear Judge Garaufis:

This office represents the Albany *Times Union*, a Hearst newspaper. We write to call your attention to the *Times Union*'s concerns about the extensive redaction of Docket #1107 in the above-referenced case.

The entry at issue is a sentencing memorandum submitted by Defendant Nancy Salzman. The Sentencing Memorandum contains extensive redactions, including, in some instances redactions of descriptions of letters of support attached to the memorandum. These redactions do not appear, on their surface to be limited to the categories of information typically permitted to be redacted without a court order, such as social security and bank account numbers, other financial information, personal health and medical information, and the like. Of additional concern, each of the seven letters of support attached to the Sentencing Memorandum is completely redacted.

While we note that your order of September 6, 2021, directed Salzman to file a "redacted copy of her sentencing submissions," it is unclear from the Docket what the basis for redaction of this submission is, as there does not appear to have been any application submitted by the Defendant seeking permission to file with redaction. Nor is it apparent whether the Court, in directing the filing of a redacted copy, intended to permit the wholesale redaction of letters of support submitted by the Defendant. Furthermore, we note that in the case of at least one other defendant in this action, that defendant's Sentencing Memorandum was submitted without redaction. *See*, Docket #1049.

300 West 57th Street
New York, NY 10019
T 212.649.2039
F 646.280.2039
dibarguen@hearst.com

September 10, 2021
Page 2

    In light of the strong public interest in scrutinizing criminal prosecutions, and the salutary benefits of such scrutiny, the *Times Union* believes the redaction of these records is, at best, overbroad and inconsistent with the Court's rulings as to transparency of other filings in this action. We further believe these redactions, effectively sealing the submission from public view, are inconsistent with the long-standing recognition of the public's and the press' constitutional right of access to criminal proceedings, a right rooted in the "history and logic" of public access to such proceedings and guaranteed by the First Amendment. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) (holding that "the right to attend criminal trials is implicit in the guarantees of the First Amendment; without the freedom to attend such trials, which people have exercised for centuries, important aspects of freedom of speech and of the press could be eviscerated.") (citation omitted). Applying this standard, the Supreme Court has held there is a constitutional right of access to all phases of criminal proceedings. *See Richmond Newspapers*, 448 U.S. 555 (trial); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982); *Press-Enterprise Co. v. Superior Court ("Press-Enterprise I")*, 464 U.S. 501 (1984) (jury *voir dire*); *Waller v. Georgia*, 467 U.S. 39 (1984) (suppression hearings); *Press-Enterprise Co. v. Superior Court ("Press-Enterprise II")*, 478 U.S. 1 (1986) (preliminary hearings).

    For these reasons, the *Times Union* respectfully requests that the Court direct Defendant to revise her use of redaction of Docket #1107, including the seven attached letters of support, to conform with reasonable and publicly delineated limits determined by the Court.

Respectfully Submitted,

*/s/ Diego Ibargüen*

Diego Ibargüen

cc:    David Stern
        Rothman, Schneider, Soloway & Stern, P.C.
        100 Lafayette Street, Suite 501
        New York, NY 10013 (by email: dstern@rssslaw.com)

        Tanya Hajjar
        U.S. Attorney's Office, Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, New York 11201 (by email: tanya.hajjar@usdoj.gov)