# Exhibit G

August 25, 2021

**Dear Honorable Judge Garaufis:**

I hope this letter finds you well.

It has come to my attention that there is a claim made by Ivy Nevares stating that I was directed by Nancy Salzman to dissuade Ivy from writing a victim impact statement and that this communication was in violation of Nancy Salsman's parole conditions. I want to state that there are false assumptions in what Ivy is stating.

What happened was the following: Prior to Mr. Raniere's conviction I had read several victim impact statements including the one written by Ivy. After that, someone mentioned to me that Ivy was planning on writing a victim impact statement both for Nancy and Lauren. In November 2020, I did contact Ivy Nevares and asked her to consider not to write an impact statement or maybe to lessen the severity of the letter, but I did this out of my own volition and without Nancy's petition, consent or even her knowing about it. In truth, I did as Nancy's friend. When I spoke to Ivy about this, I preempted my communication by saying that what I was about to ask had in no way an intent to offend her or cause her pain, and that it came from a place of a worried friend. Contrary to what Ivy states, I was not the one who got defensive or angry, it was her.

I did in fact ask her to keep our conversation confidential. I asked this because I did not want my personal opinion taken out of context and written about in blogs, as it had occurred to many people before, including myself.

I write this letter with the intent of putting facts at your disposal, to make clear that Nancy did not ask me to communicate with Ivy, and to clear my name in that - in no way - did I aid Nancy to break parole conditions.

Respectfully,

*[signature]*

Michel Chernitzky