# ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP
Attorneys at Law
100 Lafayette Street, Suite 501
New York, NY 10013

Franklin A. Rothman
Jeremy Schneider
Robert A. Soloway
David Stern

Rachel Perillo

Tel: (212) 571-5500
Fax: (212) 571-5507

March 21, 2023

Hon. Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Nancy Salzman
Ind No.: 18 Cr. 204 (NGG)

Dear Judge Garaufis:

Together with David Stern, I represent Nancy Salzman in the above-captioned matter. A matter has arisen that is working an injustice upon our client which we believe may (and should) be remedied by Order of this Court.

Our client has been classified as a sex offender by the Bureau of Prisons (the "BOP").[1] My office has been working within the BOP grievance process -- without success to date -- to have the status removed. That classification, we are informed, is largely the product of certain language contained in the original ("first disclosure") of the PSR which language was subsequently and explicitly stricken by an Addendum to the report written by Senior Probation Officer Jennifer Fisher. Ms. Fisher wrote both the initial PSR and the Addendum.

---

[1] The BOP terminology is that her classification includes the sex offender "public safety factor." The term public safety factor ("PSF") is defined in BOP Program Statement 5100.08. There are nine of them in total. In relevant part, they are "certain demonstrated behaviors which require increased security measures to ensure the protection of society." PS 5100.08, Chap 2, p,4. For practical purposes, the sex offender PSF excludes Ms. Salzman from eligibility to receive many system benefits, including excluding her from housing in a security level below "Low," notwithstanding that based on her lack of prior criminal history and non-violent offense conduct, her scoring eligibility would be "Minimum," and she could be placed in a federal camp were such placement available. She is also ineligible for normal early release to a residential re-entry center (colloquially a "halfway house"). Hence, Ms. Salzman, sex offender, will serve a significantly longer prison term under far more onerous conditions than she would with a normal (and merited) scoring and classification.

Information which has been transmitted to us is that BOP declines to recognize PO Fisher's Addendum, which was written in response to a defense objection. The Addendum, in pertinent part, struck language from the PSR to the effect that Ms. Salzman was "fully aware of the broad scope of the criminal activities undertaken by Nxivm." Based upon this phrase in Paragraph 117 of the report, BOP has inferred that Ms. Salzman knew all about the sexual misconduct engaged in by certain Nxivm actors, and that she consequently deserves to be treated as a sex offender. However, the language relied upon by BOP to impose the status was explicitly struck in its entirety from the PSR by Addendum dated August 21, 2021. The Addendum reads: "Paragraph 17 [a typo which should read Paragraph 117] is amended to strike the phrase, 'was fully aware of the broad scope of the criminal activities undertaken' from the description of the defendant's leadership role." The Addendum went on to explain (lest there be any doubt): "The PSR makes no implication that [Nancy Salzman] had knowledge of, or was involved in the activities of DOS, the collection of collateral, or the grooming of sexual partners for [Keith] Raniere. The PSR is therefore factually inaccurate as written, without additional context needed." A copy of Paragraph 117 of the PSR and the Addendum are both annexed for the Court's reference.

Despite the Addendum's clearly targeted intent to correct a mis-statement and clarify the Department's specific factual averments as to Ms. Salzman, we are informed that our efforts to remove the PSF have been thwarted by BOP's categorical and unexplained refusal to "recognize" US Probation's Addendum. Instead, the BOP will not alter its impactful classification decision, which, again, we are informed is based upon the original PSR, without regard to anything contained in the Addendum. In short, despite our requests that the Addendum's language be considered, BOP will not do so.

We ask that this state of affairs be remedied by the creation of a revised PSR which will meld together into a single new document the contents of the initial PSR and Addendum, and respectfully request that the Court make an Order directing the Probation Department to craft and disseminate such a document. I have spoken to Senior Probation Officer Fisher, and she informs me that if this Court directs the preparation of a Revised Pre-Sentence Report for the purposes stated herein, she will write and publish it promptly to the parties and the Court. The government, by AUSA Tanya Hajjar, also has no objection to the relief sought.

Should the Court have any questions or desire the parties to appear or make other submissions, it is requested the parties by notified. Thank you for very much for your attention.

                                                             Respectfully,

                                                            *Robert A. Soloway*

                                                            Robert A. Soloway

cc: US Probation Officer Jennifer Fisher
    AUSA Tanya Hajar
RAS:sc
encl.