# Exhibit A

117. Per the guidance in U.S. v. Ivezaj, 568 F.3d 88 (2009), all of a defendant's participation in the racketeering offense acts is considered in its entirety when determining her role adjustment. With regard to **Nancy Salzman's** role in the overall enterprise, she held a leadership role as President of Nxivm. She was involved in the initial organization of the company, had significant decision making authority within the company, recruited others involved with the company, was fully aware of the broad scope of the criminal activities undertaken, and stood to personal profit from the ongoing success of Nxivm. Under the guidelines, she is therefore considered a leader within this extensive racketeering conspiracy, which involved five or more participants, so an aggravating role adjustment under USSG § 3B1.1(a) applies.

## ADDENDUM TO THE PRESENTENCE REPORT

### Objections by the Government

To date, the Government has not submitted any objections to the presentence report (PSR). Additionally, the Government has advised that they concur with the Probation Department's positions in relation to Defense Counsel's objections, outlined below.

### Objections by the Defendant

The Probation Department is in receipt of Defense Counsel's letter, dated July 16, 2021, which details objections to the PSR, addressed herein.

Defense Counsel objects to the sections of the PSR "which describe [the defendant] as having knowledge of or playing a role in all the acts carried out as part of the conspiracy or imply that she did so." The defendant, however, pled to a Racketeering Conspiracy charge. She is only held accountable for the conduct with which she was directly involved, and her guideline calculations reflect the same, but the context of her conduct within the broader conspiracy, and the related conduct of her co-conspirators is relevant to the instant case and therefore, appropriately detailed in the PSR. The PSR makes no implication that she had knowledge of, or was involved in, the activities of DOS, the collection of collateral, or the grooming of sexual partners for Raniere. The PSR is therefore factually accurate as written, without additional context needed.

Per USSG §6A1.3 (Policy Statement), the Court may consider any relevant information so long as it has sufficient indicia of reliability to support its probable accuracy (see United States v. Watts, 117 S.Ct. 633 (1997); Nichols v. United States, 114 S.Ct. 1921 (1994)). Pursuant to 18 U.S.C. § 3552(a) and Rule 32(c)(2)(D) of the Rules of Criminal Procedure, the Probation Department is mandated to provide the Court with all information received which is relevant to the 3553(a) sentencing factors. The exclusions from the PSR are limited to information that would damage an ongoing rehabilitation program, any information obtained on a promise of confidentiality, or any information that could cause physical/other harm to the defendant or others if disclosed.

Since the conduct involved in the broader racketeering conspiracy to which the defendant pled has been proven at co-defendant Raniere's trial and established by the Court as accurate and relevant to sentencing by its inclusion in co-defendants' PSRs and consideration at related sentencing proceedings, all of the offense conduct information included in the PSR, including the conduct related to DOS, is appropriately included and remains unchanged. Paragraph 17, however, is amended to strike the phrase "was fully aware of the broad scope of the criminal activities

undertaken" from the description of the defendant's leadership role within the conspiracy, although the role enhancement itself does not change.

        RESPECTFULLY SUBMITTED:

        ROBERT L. CAPERS
        CHIEF U.S. PROBATION OFFICER

Prepared by:

/s/ *Jennifer G. Fisher*

Jennifer G. Fisher
Senior U.S. Probation Officer
(347) 534-3732

Approved by:

/s/ *Frank Marcigliano*

Frank M. Marcigliano
Supervisory U.S. Probation Officer
(347) 534-3734

Date: August 1, 2021